# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ANESH GUPTA,

        Plaintiff,

v.                                      Case No:  6:12-cv-1819-Orl-36KRS

UNITED STATES ATTORNEY GENERAL,
SECRETARY, DEPARTMENT OF HOMELAND
SECURITY, DIRECTOR, CITIZENSHIP AND
IMMIGRATION SERVICES, FIELD OFFICE
DIRECTOR, ORLANDO FIELD OFFICE,
UNITED STATES CITIZENSHIP &
IMMIGRATION SERVICES USCIS, FIELD
OFFICE DIRECTOR, CHICAGO FIELD OFFICE,
USCIS,

        Defendants.

_____/

## ORDER

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Karla R. Spaulding on April 25, 2013 (Doc. 10).  In the Report and Recommendation, Judge Spaulding recommends that the Court either: (1) dismiss *pro se* Plaintiff Anesh Gupta's ("Plaintiff") case with prejudice as an improper splitting of causes of action pending in 6:10-cv-279-Orl-35GJK and 6:12-cv-753-Orl-35KRS; (2) stay the case pending final determination of the issues in 6:12-cv-753-Orl-35KRS; or (3) transfer the case to Judge Scriven, if she consents, so that all issues may be resolved by the same District Judge. Doc. 10, pp. 8-9.  On May 9, 2013, Plaintiff filed an Objection to the Report and Recommendation ("Objection") (Doc. 11).  The Report and Recommendation is ripe for review.

## I.   **BACKGROUND**

On June 19, 2002, Plaintiff, a citizen of India, and his wife, Laura Shultz ("Shultz"), a United States citizen, submitted an I-485 application for adjustment of status and an I-130 Petition for alien relative to the United States Citizenship and Immigration Services ("USCIS") ("Petition").  *See Gupta v. United States Attorney General*, Case No. 6:11-cv-935, Doc. 13. USCIS denied Plaintiff's application, finding that his marriage was "a sham versus a good faith relationship as required by regulations."  *See* Case No. 6:11-cv-935, Doc. 1-Ex. 1, p. 16.  Due to the denial of his I-485 application, Plaintiff was no longer authorized to work or remain in the United States.  *See* Case No. 6:10-cv-280, Doc. 31-Ex. 1, p. 8.  Since the commencement of Plaintiff's removal proceedings, he has filed at least eighteen cases in the Middle District of Florida related to his immigration status. Doc. 10, p. 5.[1]

In Case No. 6:10-cv-279-Orl-35KRS, Plaintiff filed a complaint for declaratory relief against the Attorney General, Director of USCIS and the Orlando Field Office Director of USCIS, challenging "the arbitrary, capricious and unlawful" denial of the Petition on July 23, 2009.  *Id.*, Doc. 34, pp. 1-3, 11.  In February 2011, the Court stayed that case pending the outcome of Plaintiff's removal proceedings.  *See* 6:10-cv-279, Doc. 53.  In December 2011, the USCIS Chicago Field Office again denied the Petition due to Shultz's abandonment of the Petition.  Case No. 6:12-cv-753-Orl-35GJK, Doc. 1-Ex.1, pp. 10-11.  In Case No. 6:12-cv-753-Orl-35GJK, Plaintiff appealed the second denial of the Petition.

On December 3, 2012, Plaintiff filed the Complaint in this action, related to USCIS' Notice of Intent to Deny Petition for Alien Relative, dated November 14, 2012 ("NOID").  Doc.

---

[1] The Report and Recommendation provides a list of the cases Plaintiff has filed regarding his immigration status.  *See* Doc. 10, p. 5.  Recently, this Court dismissed Plaintiff's case challenging USCIS' decision regarding his immigration status and ability to work in the United States with prejudice.  *See* Case No. 6:12-cv-1317, Doc. 5.

10, p. 2.  Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (Doc. 2), and Motion for Preliminary Injunction (Doc. 3).  In the NOID, USCIS asked Plaintiff and Shultz "to provide proof of the bonafides" of their marriage in order to receive approval of the Petition.  Doc. 1, pp. 2, 14-15.  In his Complaint, Plaintiff asserts that the Attorney General, Secretary of DHS, USCIS and three of its employees acted *ultra* vires because they had "no authority to condition the approval of the visa petition filed by a U.S. Citizen to classify [Gupta] as the spouse of a United States Citizen, on the bonafides of the marriage of the U.S. Citizen with the alien."  *Id.* at 4.

On February 7, 2013, following Plaintiff's Complaint in this action, USCIS again denied the Petition.  Doc. 7-Ex. 1, pp. 2-4.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations."  Once a timely objection to the Report and Recommendation is made, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify in whole or in part, the report and recommendation of the magistrate judge.  Fed. R. Civ. P. 72(b)(3).  The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions.  *Id.*   The district judge reviews legal conclusions de novo, even in the absence of an objection.  *See Cooper-Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994).

### III.   <u>ANALYSIS</u>

In her Report and Recommendation, Judge Spaulding found that although Plaintiff raises a slightly different cause of action in this case, the ultimate issue is the same as in cases 6:12-cv-753-Orl-35GJK and 6:10-cv-279-Orl-35KRS: whether Defendants erred in denying the Petition. Doc. 10, p. 6.  At the time Judge Spaulding issued the Report and Recommendation, Case No. 6:12-cv-753-Orl-35GJK was pending before Judge Scriven, and Defendants had filed a motion to dismiss arguing that Plaintiff lacked standing to assert the rights of a third party, Shultz.[2]  *Id.* at Doc. 14, pp. 7, 10.  Given the similarity of issues and the risk of inconsistent judgments, Judge Spaulding recommended either staying, dismissing as an improper splitting of causes of action, or transferring this action.  Doc. 10, pp.6-8; *see Boudin v. ATM Holdings, Inc.*, 2007 WL 1841066, *1 (S.D. Ala. 2007).

In his Objection, Plaintiff maintains that he already addressed why this action does not improperly split causes of action, in response to the Court's Order to Show Cause.  Doc. 11, p. 3; *see* Doc 5 (Court's Order to Show Cause) and Doc. 6 (Plaintiff's Response).  With respect to the similarity of issues pending in cases 6:10-cv-279 and 6:12-cv-753, Plaintiff appears to suggest, without pertinent support, that those actions involve separate USCIS denials of the Petition at issue, and are therefore distinct.  Doc. 11, p. 4.

Following Judge Spaulding's Report and Recommendation, on April 30, 2013, the Eleventh Circuit denied Plaintiff's Notice of Appeal in 6:10-cv-279-Orl-35KRS.  *See* 6:10-cv-279-Orl-35KRS, Doc. 85.  Also, on March 17, 2013, Defendants filed a Notice in 6:12-cv-753-Orl-35GJK, that USCIS issued another decision denying the Petition on February 7, 2013.  *See* 6:12-cv-753-Orl-35GJK, Doc. 43.  Judge Scriven explained that Plaintiff was seeking review of

---

[2] Indeed, the Court agrees that the same issue would be present in the instant case, as Plaintiff is trying to challenge a decision made on the Petition filed by Shultz.  Doc. 10, p. 6.

Defendants' December 6, 2011 decision, which had been vacated, and thus this change in circumstances rendered Plaintiff's claim moot. *See id.*, Doc. 48. Accordingly, Plaintiff's complaint was dismissed.[3] *Id.*

Upon consideration, the Court agrees that, as in 6:10-cv-279-Orl-35KRS, the February 17, 2013 USCIS decision denying the Petition constitutes changed circumstances affecting this case. *See* 6:10-cv-279, Doc. 43-Ex. 1, p. 3. In its denial, the USCIS discusses the November 14, 2012 NOID at issue in Plaintiff's Complaint here. *Id.* at 4. The Court agrees with Judge Scriven that Plaintiff seeks review of a USCIS decision that has been vacated, and thus this particular action is moot. *See* 6:10-cv-279, Doc. 48; *Coral Springs Street Sys., Inc. v. City of Sunr*ise, 371 F.3d 1320, 1328 (11th Cir. 2004) ("Mootness can occur due to a change in circumstances. . ."). Additionally, as Plaintiff has failed to make any persuasive objection to any finding of fact or law in the Report and Recommendation, his Objection lacks merit. 28 U.S.C. § 636(b)(1); *Raddatz*, 447 U.S. at 674.

Therefore, after careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the file, and the changed circumstances following Judge Spaulding's Report and Recommendation, the Court finds that Plaintiff's Complaint is moot.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 10) is approved. However, in light of the February 7, 2013 denial of the Petition by USCIS and dismissal of Plaintiff's cases in 6:10-cv-279-Orl-35GJK and 6:12-cv-753-Orl-35KRS, Plaintiff's Complaint is moot.

---

[3] Therefore, this Court need not stay this action pending resolution of that case or transfer this case to Judge Scriven.

2.  Plaintiff's Complaint (Doc. 1) is **DISMISSED as moot.**

3.  The Clerk is directed to terminate any pending motions and close this case.

    **DONE** and **ORDERED** in Orlando, Florida on May 31, 2013.

                                   Charlene Edwards Honeywell
                                   Charlene Edwards Honeywell
                                   United States District Judge


**Copies furnished to:**
Counsel of Record
Unrepresented Parties
U.S. Magistrate Judge Karla R. Spaulding